UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF VIRGINIA
LYNCHBURG DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | Chapter 13 |
| KELLY OTTO BATES and, | ) | Case Number 26-60866 |
| TORLECIA UNA BATES, | ) | |
| | ) | |
| Debtors. | ) | |
| | ) | |
| SEAN RYAN TOPPIN and | ) | Chapter 13 |
| JOCELYN RYAN TOPPIN, | ) | Case Number 26-60878 |
| | ) | |
| Debtors. | ) | |
| | ) | |
| KEVIN R. MARKS, | ) | Chapter 13 |
| | ) | Case Number 26-60293 |
| Debtor. | ) | |
| | ) | |
| MATTHEW W. CHENEY, | ) | |
| Acting United States Trustee For Region Four, | ) | |
| | ) | |
| Movant, | ) | |
| | ) | |
| *v.* | ) | |
| | ) | |
| | ) | |
| STEVEN SHAREFF, | ) | |
| | ) | |
| Respondent. | ) | |

**MOTION OF THE UNITED STATES TRUSTEE TO: REVIEW FEES IN THE ABOVE-CAPTIONED CASES, CANCEL FEE AGREEMENTS, AND ORDER THE RETURN OF FEES PURSUANT TO 11 U.S.C. § 329; OR, ALTERNATIVELY IN THE CASE OF KEVIN R. MARKS, VOID THE FEE AGREEMENT AND REQUIRE THE RETURN OF FEES PURSUANT TO 11 U.S.C. §§ 105 AND 526; FIND STEVEN SHAREFF IN CONTEMPT AND IMPOSE AN APPROPRIATE SANCTION PURSUANT TO 11 U.S.C. § 105; AND CONSOLIDATE THE HEARING ON THESE MOTIONS**

Matthew W. Cheney, Acting United States Trustee for Region 4 (the "**United States Trustee**"), by counsel, moves the Court to: (i) review the fees Steven Shareff ("**Shareff**") received from or on behalf of Kelly and Torlecia Bates (the "**Bateses**"), Sean and Jocelyn Toppin (the

“**Toppins**”), and Kevin Marks (“**Marks**”) (collectively, the Bateses, Toppins, and Marks are the “**Debtors**”), cancel the fee agreement between the Debtors and Shareff (the “**Fee Agreements**”), and order Shareff to return the funds paid pre-petition or otherwise reduce the fee to paid in connection with these matters (the “**Fees**”) pursuant to 11 U.S.C. §§ 105 and 329 or, alternatively in Marks’ case, void his fee agreement with Shareff and order Shareff to return fees received from or on behalf of Marks pursuant to 11 U.S.C. §§ 105 and 526; (ii) find Shareff in contempt of the order attached as Exhibit 1 (the “**Due Diligence Order**”) and impose an appropriate sanction on Shareff pursuant to 11 U.S.C. § 105; and consolidate the hearing on these matters pursuant to Rule 42(a) of the Federal Rules of Civil Procedure as incorporated by Rules 9014(c)(1) and 7042 of the Federal Rules of Bankruptcy Procedure.[1] In support of this motion, the United States Trustee respectfully states as follows:

## JURISDICTION AND VENUE

1. Jurisdiction is proper pursuant to 28 U.S.C. §§ 157 and 1334. The statutory predicates for this motion are §§ 105, 329, and 526 of the Bankruptcy Code.

2. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

## BACKGROUND

4. Shareff is a solo practitioner engaged in the private practice of law.

[1] Unless otherwise expressly defined, words and phrases used in this motion have the meanings given to them in title 11 of the United States Code (the “**Bankruptcy Code**”).

5. In return for compensation, Shareff regularly renders bankruptcy assistance to and represents assisted persons in seeking relief under the Bankruptcy Code.[2]

6. Shareff is a debt relief agency under the Bankruptcy Code. *See* 11 U.S.C. § 101(12A).[3]

7. On August 15, 2023, this Court entered the Due Diligence Order in case number 23-60471. Exhibit 1. The Due Diligence Order requires Shareff to comply with the following terms and conditions:

A. Prior to filing any bankruptcy case (except in the case of emergencies such as imminent foreclosure, repossession or garnishment or for other good cause shown), Steven Shareff will assemble all documentation ordinarily required by the chapter 7 panel and/or chapter 13 standing trustees and shall promptly furnish reasonably requested documentation to the case trustee;

B. Prior to filing any bankruptcy case (except in the case of emergencies such as imminent foreclosure, repossession or garnishment or for other good cause shown), Steven Shareff will assemble all documentation ordinarily required to assist the debtors to accurately complete the schedules, statements and other documents filed with the Court. Steven Shareff shall promptly furnish reasonably requested documents to the case trustee;

C. Steven Shareff will personally review with the client the version of the schedules, statements and any other documents bearing the client's electronic endorsement and filed with the court and witness their signature on the documents or otherwise comply with Standing Order 20-3 or such Order or Local Rule that might subsequently supersede Standing Order 20-3;

D. In his review of the schedules, statement of financial affairs and other documents filed on behalf of his clients in connection with the case, Steven Shareff will personally compare the information contained in the documents filed the Court to ensure that the information is consistent with other items

[2] Since January 1, 2023, it appears Shareff has filed approximately 309 cases in this Court and approximately 59 cases in the United States Bankruptcy Court for the Eastern District of Virginia.

[3] On his website, Shareff acknowledges that he is a debt relief agency. Available at www.louisabankruptcy.com (last accessed August 26, 2026).

listed in the documents, and is consistent with tax returns, pay advices, and other documentation that he obtains from the debtors; and

E. Except in the case of emergencies such as imminent foreclosure, repossession or garnishment or for other good cause shown, Steven Shareff will file all requested schedules, statements, and other documents with the petition.

Exhibit 1 at ¶ 1.

*Shareff Provides Deficient Services in the Bateses' Case (26-60866)*

8. On July 3, 2026, Shareff filed a voluntarily petition for relief for the Bateses. The schedules and statements do not indicate any emergency such as imminent foreclosure, repossession, or garnishment necessitated the filing on July 3, 2026.

9. After an opportunity for discovery, the evidence is expected to show that Shareff advised the Bateses to sign the documents filed in this case that bear their electronic endorsement.

10. According to the Official Form 2030 (Attorney Disclosure of Compensation) filed in this case, the Bateses paid Shareff $1,187 towards a total fee of $4,000 to represent them in a chapter 13 bankruptcy case. (*Case No. 26-60866, Docket No. 1, page 53*).

11. According to the Official Form 2030, in return for the fee, Shareff is obligated to provide "legal service for all aspects of the [Bateses'] bankruptcy case[.]". According to Official Form 2030, the following services are excluded: "representation of the debtors in any dischargeability actions, judicial lien avoidances, relief from stay actions or any other adversary proceedings." *Id.*

12. According to the Bateses' Official Form 107 (Statement of Financial Affairs), on June 12, 2026, they paid Shareff $1,500. (*Case No. 26-60866, Docket No. 1, page 41*). The documents filed at Docket No. 1 are incorporated by reference.

13. On August 20, 2026, the standing chapter 13 trustee, Angela M. Scolforo (the "**Chapter 13 trustee**"), filed a motion to review fees in the Bateses' case, which motion is incorporated by reference. (*Case No. 26-60866, Docket No. 16*).

14. The Chapter 13 trustee alleges that the Bateses' Schedule A/B failed to fully disclose assets. Specifically, the Chapter 13 trustee has alleged that Schedule A/B did not disclose the following financial accounts which are clearly evident *from the bank statements provided to the trustee's office by Shareff*: (1) Cash App – two accounts; (2) PayPal; (3) Venmo – two accounts; (4) Navy Federal Credit Union Accounts ending in 7907 and 5368; and (5) Capital One accounts ending 3481 and 5753. (*Case No. 26-60866, Docket No. 16,* ¶ *5*).[4]

15. The Chapter 13 trustee also alleges that the documents provided to her by Shareff show that the Bateses transferred certain funds to an insider prepetition.

16. During the Bateses' meeting of creditors, when the Chapter 13 trustee asked about a June 18, 2026, transfer of $5,000.00 to Lashannon Wyche reflected on bank statements provided by Shareff, Mrs. Bates testified under oath that she transferred the $5,000.00 to her sister for her sister to hold for the Bateses. When the Chapter 13 trustee asked if anyone else was holding money for the Bateses, Mr. Bates disclosed he had transferred $3,000.00 to his brother to hold for the Bateses.

17. The transfers discussed at the Bateses' meeting of creditors are not reflected on the Bateses' Official Form 107.

18. The Bateses' interest in the $8,000.00 being held for them by insiders is not disclosed on Schedule A/B.

---

[4] During the Bateses' meeting of creditors, the Chapter 13 trustee noted that the bank statements showed payments to "Zip" and "Afterpay" and she informed the Bateses that if they owed money to those entities on the petition date, then they needed to be disclosed as creditors.

19. After an opportunity for discovery, the evidence is expected to show that Shareff did not compare the information contained in the documents filed the Court to ensure that the information was consistent with documentation that he obtained from the Bateses.

*Shareff provides deficient services in the Toppins' case (Case No. 26-60878)*

20. On July 8, 2026, Shareff filed a voluntarily petition for relief for the Toppins. The schedules do not indicate any emergency such as imminent foreclosure, repossession, or garnishment necessitated the filing on July 8, 2026.

21. After an opportunity for discovery, the evidence is expected to show that Shareff advised the Toppins to sign the documents filed in this case that bear their electronic endorsement.

22. According to the Official Form 2030 (Attorney Disclosure of Compensation) filed in this case and attached as, the Toppins paid Shareff $1,187 towards a total fee of $4,000 to represent them in a chapter 13 bankruptcy case. *(Case No. 26-60878, Docket No. 1, page 61).*

23. According to the Official Form 2030, in return for the fee, Shareff is obligated to provide "legal service for all aspects of the [Debtor's] bankruptcy case[.]" According to Official Form 2030, the following services are excluded: "representation of the debtors in any dischargeability actions, judicial lien avoidances, relief from stay actions or any other adversary proceedings." *Id.*

24. According to the Toppins Official Form 107 (Statement of Financial Affairs), on July 1, 2026, they paid Shareff $1,500. *(Case No. 26-60878, Docket No. 1, page 41).* The documents filed at Docket No. 1 are incorporated by reference.

25. On August 20, 2026, the Chapter 13 trustee filed a motion to review fees in the Toppins' case, which motion is incorporated by reference. (*Case No. 26-60866, Docket No. 16*).

26. The Chapter 13 trustee alleges that the Toppins' schedules and statements contains instances in which the Toppins failed to properly disclose assets or income. *(Case No. 26-60878, Docket No. 16)*.

27. The Toppins' disclosed that their interest in "Top Paradise LLC" is worth $1.00 on Schedule A/B. Topp Paradise LLC owns two houses located at 605 and 611 Sycamore Street, Petersburg, Virginia.

28. According to Schedule D, 605 Sycamore Street, Petersburg, Virginia is worth $262,900.00 and $216,742.00 is owed on the property.[5]

29. During the Toppins' meeting of creditors, Mrs. Toppin testified that 611 Sycamore Street, Petersburg, Virginia is worth about $245,000.00 and that she believes $212,000.00 is owed on the property.

30. Topp Paradise LLC filed a chapter 11 case in the United States Bankruptcy Court for the Eastern District of Virginia in May 2026 (Case Number 26-32138). The claims register reflects unsecured claims totaling $17,064.07.[6]

31. During the Toppins' meeting of creditors, the Chapter 13 trustee asked whether Home Innovation & Design Inc. owned any tools and equipment. Mrs. Toppin testified that she owned tools and equipment used in the business, and that they were not disclosed on Schedule A/B.

---

[5] During the Toppins' meeting of creditors, Mrs. Toppins testified that, though 605 Sycamore Street, Petersburg, Virginia had appraised for $285,000.00 in 2023, she believed it was worth about $235,000.00 to $240,000.00.

[6] Durin the Toppins' meeting of creditors, the Chapter 13 trustee asked what debts Topp Paradise LLC owed (other than the secured debts) and Mrs. Toppin disclosed one credit card with a balance of about $10,000.00.

32. Based on the Chapter 13 trustee's allegations in her motion to review fees, after an opportunity for discovery, the evidence is expected to show that the income disclosed for Mrs. Toppin in the Toppins' schedules and statements is inconsistent with the documentation provided by Shareff to the Chapter 13 trustee.

33. After an opportunity for discovery, the evidence is expected to show that Shareff did not compare the information contained in the documents filed the Court to ensure that the information was internally consistent or consistent with documentation that he obtained from the Toppins.

*Shareff provides deficient services in Marks case (Case No. 26-60293)*

34. On March 11, 2026, Shareff filed a voluntary petition for Marks as an emergency filing. (*Case No. 26-60293, Docket No. 1).* The schedules and statements filed on March 21, 2026, raise concerns whether any emergency such as imminent foreclosure, repossession, or garnishment necessitated the skeletal filing on March 11, 2026. While a garnishment was described in the subsequently filed schedules and statements, no motion to quash the garnishment was filed with or subsequent to the bankruptcy filing. (*Case No. 26-60293, Docket No. 9).*[7]

35. After an opportunity for discovery, the evidence is expected to show that Shareff advised Marks to sign the documents filed in this case that bear his electronic endorsement.

36. According to the Official Form 2030 (Attorney Disclosure of Compensation) filed in this case, Marks paid Shareff $1,162.00 to represent him in a chapter 7 bankruptcy case. (*Case No. 26-60293, Docket No. 9, page 37).*

---

[7] According to the objection to confirmation filed on behalf initially unscheduled secured creditor, at the time of the conversion to chapter 13, there were arrearages owed in excess of $9,000.00. (*Case No. 26-60293, Docket No. 30).*

37. According to the Official Form 2030, in return for the fee from Marks, Shareff is obligated to provide "legal service for all aspects of the [Marks'] bankruptcy case[.]" According to Official Form 2030, the following services are excluded: "representation of the debtors in any dischargeability actions, judicial lien avoidances, relief from stay actions or any other adversary proceedings." *Id.*

38. According to Marks' petition, his debts are primarily consumer debts. (*Case No. 26-60293, Docket No. 1, page* 7). According to Marks' petition, he does not rent his residence. *Id.* at page 11.

39. According to Marks' Official Form 106A/B (Schedules A/B), the total value of all property on Schedule A/B is $8,178.00. (*Case No. 26-60293, Docket No. 9, page 7).*

40. According to Mark's Amended Schedule A/B, the total value of his property interests is $201,378.00.

41. Marks is an assisted person under the Bankruptcy Code. *See* 11 U.S.C. § 101(3).

42. On Schedule A/B at Question 1, Marks indicated that he did not have any legal or equitable interest in any residence, building, land or similar property. (*Case No. 26-60293, Docket No. 9, page 3).* On Schedule G, Marks did not disclose any unexpired leases. *Id.* at page 14.

43. Marks' statements on his petition, schedules, and statements concerning his residence are internally inconsistent.

44. At the meeting of creditors conducted on April 14, 2026, in response to the trustee's questions, Marks freely admitted that he was in a "rent to own" written contractual arrangement for his home and that he would own his home debt free in approximately one and half years.

45. In the Amended Schedules A/B and D filed on behalf of the Debtor, his ownership interest in real property[8] is disclosed and indicates that the debtor has more than $170,000 in equity in his home.

46. Concurrent with the filing of Amended Schedules A/B and D, Shareff filed a motion to convert Marks' case to chapter 13.

47. The Chapter 13 trustee and Marks' primary creditor objected to Marks' proposed plan for, among other reasons, lack of feasibility and failure to satisfy the chapter 7 test.[9]

48. After an opportunity for discovery, the evidence is expected to show that Shareff did not compare the information contained in the documents filed the Court to ensure that the information was internally consistent or consistent with documentation that he obtained or should have obtained from Marks.

## BASIS FOR RELIEF

### *Return of Fees Under 11 U.S.C. §§ 105(a) and 329(b)*

49. If compensation is excessive, a court may cancel a debtor's agreement with counsel for compensation or order the return of such payment to the estate or entity that made the payment. 11 U.S.C. § 329(b); Fed. R. Bankr. P. 2017.

50. As explained by the Court of Appeals for the Seventh Circuit:

> *Section 329(b)* authorizes the court to assess the reasonable value of the services counsel provided to debtor and to compare that value with the amount debtor paid or agreed to pay for the attorney's services. If the court determines that the fee charged by the attorney is excessive-- i.e., that it exceeds the reasonable value of the services provided--then it may cancel any compensation agreement between the attorney and his client, or it may order the return of the excessive portion of the fee to debtor's estate or to the entity making the payment. In making the

[8] Available online records for Lousia County also reflect that the debtor owns his home.

[9] On information and belief, malpractice insurance maintained by Shareff is mitigating the harm suffered by Marks.

> "reasonable value" determination, the bankruptcy court is to be guided by section 330 of the Bankruptcy Code, which sets forth a number of factors that Congress deemed relevant to an assessment of the value of professional services.
>
> **Once a question has been raised about the reasonableness of the attorney's fee under section 329, it is the attorney himself who bears the burden of establishing that the fee is reasonable.**

*In re Geraci*, 138 F.3d 314, 318 (7th Cir. 1998) (internal citations omitted) (emphasis added).

51. Under the circumstances of these cases, the Fees are excessive.

52. Cause exists to require Shareff to show that Fees are not excessive, to cancel the Fee Agreements, and to order the refund of Fees pursuant to 11 U.S.C. § 329(b).

***Voiding Of Marks' Fee Agreement And Return of Fees Under 11 U.S.C. §§ 105(a) and 526(c)(1)***

53. The Bankruptcy Code provides that "any contract for bankruptcy assistance between a debt relief agency and an assisted person that does not comply with the material requirements" of 11 U.S.C. §§ 526, 527, or 528 "shall be void and may not be enforced by any Federal or State court or by any other person, other than such assisted person." 11 U.S.C. § 526(c)(1).

54. The Bankruptcy Code imposes certain restrictions on a debt relief agency, including, among others, a provision that prohibits a debt relief agency from making "any statement, or counsel or advis[ing] any assisted person . . . to make a statement in a document filed in a case or proceeding under [the Bankruptcy Code], that is untrue or misleading, or that upon the exercise of reasonable care, should have been known by such agency to be untrue or misleading." 11 U.S.C. § 526(a)(2).

55. Shareff has violated 11 U.S.C. § 526(a). By way of example and not in limitation, the evidence is expected to show that Shareff advised Marks to sign the petition, Official Form 106Dec regarding the original schedules, and the declaration on Official Form 107. The documents were internally inconsistent regarding Marks' interest in his residence and, therefore, Shareff knew or should have known documents being filed contained untrue or misleading information.

56. Cause exists to void the fee agreement between Marks and Shareff and order Shareff to return any fees received from Marks.

***Contempt Under 11 U.S.C. § 105***

57. Bankruptcy courts derive the power to issue orders of civil contempt from § 105(a), which grants them authority to "issue any order, process, or judgment necessary or appropriate to carry out the provisions of this title." *In re Walters*, 868 F.2d 665, 669 (4th Cir. 1989).

58. "Determining if a party has committed civil contempt involves essentially only consideration of whether the party knew about a lawful order and whether he complied with it." *Id.* at 670.

59. The Due Diligence Order is a lawful order.

60. Shareff is aware of the Due Diligence Order.

61. Shareff's course of conduct in the Bateses', Toppins', Marks, and other cases demonstrates he is willfully not complying with the Due Diligence Order.

62. A civil contempt order is coercive in nature, while a criminal contempt order is punitive. *Gompers v. Bucks Stove & Range Co.*, 221 U.S. 418, 441 (1911); *Int'l Union, United Mine Workers of Am. v. Bagwell*, 512 U.S. 821, 827 (1994); *In re Poindexter*, 376 B.R. 732, 739 n. 14 (Bankr. W.D. Mo. 2007). An order that gives the contemnor the "keys to [her] own release"

through an affirmative act of compliance with a previous order of the court is coercive. *See Gompers*, 221 U.S. at 442.

63. Cause exists to find Shareff in contempt of the Due Diligence Order and enter such coercive sanctions as the Court deems necessary and appropriate such as requiring additional continuing legal education or fining Shareff.

***Consolidation For Hearing***

64. "If actions before the court involve a common question of law or fact," the Court may, among other things, consolidate the actions or join for hearing the matters. Fed. R. Civ. P. 42(a).

65. The above-captioned cases involved common questions of law and fact.

66. Cause, including by not limited to, judicial economy favors consolidating for hearing the motion made above.

67. The United States Trustee reserves the right to amend or supplement the foregoing motions.

WHEREFORE, the United States Trustee, by counsel, moves the Court pursuant to 11 U.S.C. §§ 105, 329, and 526 to: (i) review the fees Shareff received from or on behalf of the Debtors, cancel the Fee Agreements, and order Shareff to return the Fees or, alternatively in Marks' case, void his fee agreement with Shareff and order Shareff to return fees received from or on behalf of Marks pursuant to 11 U.S.C. §§ 105 and 526; (ii) find Shareff in contempt of the Due Diligence Order and impose an appropriate sanction on Shareff pursuant to 11 U.S.C. § 105; and consolidate the hearing on these matters pursuant to Rule 42(a) of the Federal Rules of Civil Procedure.

Date: 26 August, 2026

Respectfully submitted,

United States Trustee

By: /s/ Margaret K. Garber
Assistant United States Trustee

Margaret K. Garber (VSB No. 34412)
Department of Justice
Office of the United States Trustee
210 First Street, Suite 505
Roanoke, Virginia 24011
540-857-2829
margaret.k.garber@usdoj.gov

## NOTICE OF HEARING

PLEASE TAKE NOTICE that the United States Trustee has filed the foregoing motion. Unless an order is entered prior to the hearing, a **preliminary hearing** on the motion will be held on **September 24, 2026 at 9:30 a.m.** in the United States Bankruptcy Court via Zoom at https://vawb-uscourts-gov.zoomgov.com/j/1603692643. The Meeting ID is 160 369 2643.

**If you do not want the Court to grant the relief requested in the motion, then, pursuant to Local Rule 9013-1, you must file a response not later than 7 days prior to the scheduled hearing. Absent a timely filed response, a proposed order may be tendered to the Court dismissing the case and the Court may treat the motion as conceded and enter the proposed order without the necessity of holding a hearing.**

## CERTIFICATE OF SERVICE

I certify that on August 26, 2026, I caused the foregoing to be electronically filed with the United States Bankruptcy Court for the Western District of Virginia which should have caused electronic notifications of filing to be served on all registered users of the CM/ECF System that have appeared in this case including Mr. Shareff.

/s/ Margaret K. Garber

Margaret K. Garber (VSB No. 34412)
Department of Justice
Office of the United States Trustee
210 First Street, Suite 505
Roanoke, Virginia 24011
540-857-2829
margaret.k.garber@usdoj.gov